UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

NICOLE M. BELL,

      Plaintiff,

v.                                      24-CV-572 (JLS) (JJM)

KALEIDA HEALTH, JONATHAN
HART, KIMBERLY WEAR; VANESSA
O'NEIL, UNIVERSITY OF THE
STATE OF NEW YORK, by and
through the Board of Regents, LESTER
W. YOUNG, JR., Chancellor, Board of
Regents of the University of the State of
New York, in his official capacity, and
BETTY A. ROSA, Commissioner of the
New York State Education Department,
in her official capacity,

      Defendants.

---

## DECISION AND ORDER

      Plaintiff Nicole M. Bell, a former employee of Kaleida Health, commenced an action in Supreme Court, Erie County on March 6, 2024 asserting various claims against Defendants arising out of the termination of her employment as a Nursing Supervisor. *See* Dkt. 1-1 at 6-23.[1] Defendants removed the action on June 17, 2024. Dkt. 1. On July 19, 2024, this Court referred the case to United States Magistrate Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 6.

---

[1] Page numbers refer to the CM/ECF stamped numbering in the header of each page.

On July 24, 2024, Defendants University of the State of New York, Lester W. Young, Jr., and Betty A. Rosa (collectively, the "State Defendants") moved to dismiss. Dkt. 7. Defendants Kaleida Health, Jonathan Hart, Kimberly Wear, and Vanessa O'Neil (collectively, the "Kaleida Defendants") also moved to dismiss. Dkt. 9. Plaintiff opposed both motions. Dkt. 13, 14. Defendants replied. Dkt. 22, 23.

On November 27, 2024, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that this Court grant the [7] and [9] motions, and that the Court "refrain from exercising supplemental jurisdiction over [Plaintiff's] state law claims unless and until a federal law claim is adequately pled." *See* Dkt. 24 at 13.

Plaintiff objected to the R&R. Dkt. 25. Specifically, she objects to the R&R's conclusions "with respect to the disposition of the claims against the State Defendants as to their assertion of Eleventh Amendment immunity, and as to the disposition of the Third, Fourth and Eighth Causes of Action against the State Defendants under 42 U.S.C. § 1983." *Id.* at 4. The State Defendants opposed the objections. Dkt. 30. Plaintiff did not reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation.

For the reasons above and in the R&R, this Court GRANTS the [7] and [9] motions to dismiss. Plaintiffs may file an amended complaint, as detailed in the R&R, by February 4, 2025. The case is referred back to Judge McCarthy consistent with the [6] referral order.

SO ORDERED.

Dated:   January 14, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE