UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

NICOLE M. BELL,

    Plaintiff,

v.                                              24-CV-572 (JLS) (JJM)

KALEIDA HEALTH, JONATHAN
HART, KIMBERLY WEAR; VANESSA
O'NEIL, UNIVERSITY OF THE
STATE OF NEW YORK, by and
through the Board of Regents, LESTER
W. YOUNG, JR., Chancellor, Board of
Regents of the University of the State of
New York, in his official capacity, and
BETTY A. ROSA, Commissioner of the
New York State Education Department,
in her official capacity,

    Defendants.

___

## DECISION AND ORDER

Plaintiff Nicole M. Bell, a former employee of Kaleida Health, commenced an action in Supreme Court, Erie County on March 6, 2024 asserting various claims against Defendants arising out of the termination of her employment as a Nursing Supervisor. See Dkt. 1-1 at 6-23.[1] Defendants removed the action on June 17, 2024. Dkt. 1. The case has been referred to United States Magistrate Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 6.

On January 15, 2025, this Court issued a Decision and Order granting Defendants' motions to dismiss. See Dkt. 31. The Court also granted Plaintiff leave to

___

[1] Page numbers refer to the CM/ECF stamped numbering in the header of each page.

file an Amended Complaint. *See id.* Plaintiff filed a Notice of Appeal as to that Decision and Order on February 13, 2025. Dkt. 35.

On February 4, 2025—before she filed her Notice of Appeal—Plaintiff moved to remand the case to state court. Dkt. 32-33. The next day, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that this "motion be granted without the need for responding submissions." Dkt. 34. Neither party filed objections, and the time to do so has expired.

Ordinarily, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court agrees with Judge McCarthy's conclusions in the R&R as to Plaintiff's [32] Motion to Remand. But Plaintiff's [35] Notice of Appeal—filed after the R&R was issued—divested this Court of jurisdiction to entertain the [32] Motion to Remand that is the subject of the R&R. *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994) ("[Plaintiff] filed a motion to remand based upon lack of subject matter jurisdiction, but filed a notice of appeal to this court prior to a ruling on that motion by the district court. The filing of the notice of this appeal divested [the district court] of jurisdiction to entertain the motion to remand") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of

2

appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal")).

The Court, therefore, DENIES Plaintiff's [32] Motion to Remand, without prejudice, for lack of jurisdiction. The case remains referred to Judge McCarthy in accordance with the [6] referral order.

SO ORDERED.

Dated:   February 24, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE